UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**R. ALEXANDER ACOSTA,** Secretary of
Labor, United States Department of Labor,

      Plaintiff,

      CIVIL ACTION

  v.      File No.

**ROY M. PAYAWAL, EDWARD J. NOVAK,**
and **SACRED HEART HOSPITAL PROFIT
SHARING 401(K) PLAN**,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COMPLAINT**

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("the Secretary"), alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq.,* and is brought by the Secretary under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29

U.S.C. § 1132(e)(l).

3. The Sacred Heart Hospital Profit Sharing 401(k) Plan ("the Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

4. Venue of this action lies in the Northern District of Illinois, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in Chicago, Cook County, Illinois, within this district.

## DEFENDANTS

5. Since at least January 1, 2000, Defendant Edward J. Novak ("Novak") was the President of West Side Community Hospital, Inc. d/b/a Sacred Heart Hospital ("Sacred Heart"), the trustee of the Plan, and a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

6. Since at least January 1, 2000, Defendant Roy M. Payawal ("Payawal") was the Chief Financial Officer of Sacred Heart, the trustee of the Plan, and a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

7. The Plan is named as a Defendant in this action pursuant to Federal Rule of Civil Procedure l9(a), solely to assure that complete relief can be granted.

## ALLEGATIONS

8. Paragraphs 1 through 7 above are realleged and incorporated herein by reference.

9. Sacred Heart, an Illinois corporation, ceased operating on or about July 1, 2013. On July 2, 2013, Sacred Heart filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Illinois.

10. According to the Summary Plan Description, if employment is terminated, a participant will be entitled to that portion of their Employer Accounts in which they are vested. Payment of their benefits will begin within a reasonable period following their termination of employment.

11. The asset custodian for the Plan is Principal Trust Company ("Principal").

12. According to Principal, the only authorized signers for the Plan are Novak and Payawal.

13. Both Novak and Payawal were previously found guilty on charges related to violations of 42 U.S.C. § 1320a-7b(b)(2)(A) (Anti-Kickback Statute) and conspiracy to do so in violation of 18 U.S.C. § 371. As a result, Novak and Payawal are prohibited from serving as a fiduciary or trustee of any employee benefit plan under ERISA § 411, 29 U.S.C. § 1111.

14. At least one Plan participant has requested a distribution of her Plan assets, but the Plan is unable to secure either Novak's or Payawal's signature as Plan trustee to process the distribution.

15. By Defendants Novak and Payawal failing to administer the Plan, participants of the Plan have not been able to obtain distributions from the Plan of their individual account balances.

16. As of February 7, 2017, the Plan had nine participants and assets totaling approximately $73,671.25. The Plan also has approximately $19,775.20 in its forfeiture account.

17. To date, Defendants Novak and Payawal have not terminated the Plan or issued distributions to all of the Plan's participants.

18. Since August 21, 2015, Defendants Novak and Payawal failed to administer the Plan and its assets.

19. By the facts described in paragraphs 8 through 18 above, Defendants Novak and Payawal:

a. Failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

b. Failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); and

c. Failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and in accordance with the documents and instruments governing the Plan, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

## **PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays for judgment:

A. Removing Defendants Novak and Payawal from their position as fiduciaries with respect to the Plan;

B. Permanently enjoining Defendants Novak and Payawal from serving as a fiduciary or service provider to ERISA-covered employee benefit plans;

C. Appointing an independent fiduciary to terminate the Plan consistent with the Plan's governing documents, the Internal Revenue Code, and ERISA, distribute the Plan's assets

to the participants and beneficiaries, and conclude any Plan-related matters connected with the proper termination of the Plan;

      D.      Ordering Defendants Novak and Payawal to pay the reasonable fees and expenses incurred by the independent fiduciary in administering and terminating the Plan;

      E.      Awarding the Secretary the costs of this action; and

      F.      Ordering such further relief as is appropriate and just.

Respectfully submitted,

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/Marla J. Haley
**MARLA J. HALEY**
Attorney

Attorneys for **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, Plaintiff

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn Street, Room 844
Chicago, Illinois 60604
Telephone: (312) 353-4455
Facsimile: (312) 353-5698
Email: haley.marla@dol.gov